LMcDONALD, J.
This is an appeal from a judgment rendered by the Office of Workers’ Compensation, District 6S. The plaintiff, Brad Pullen, filed a disputed claim for compensation against Risky Business Transportation, Inc. (a defunct company by the time of trial), and Holloman Transportation, Inc. (the only defendant at trial), which leased trucks from Risky Business. Mr. Pullen asserted that he was injured in the course and scope of his employment and that his employer failed to pay his past medical expenses and workers’ compensation benefits. Mr. Pullen sought payment of his medical expenses, workers’ compensation benefits, and any other benefits to which he was entitled. Hollo-man Transportation filed an exception of prescription, asserting that the claim was prescribed. In its pre-trial statement Holloman Transportation asserted that Mr. Pullen was not its employee on the date of the injury.
At the start of the trial, the workers’ compensation judge deferred ruling on the exception of prescription. After trial on the merits, the workers’ compensation judge ruled in favor of Mr. Pullen and against Holloman Transportation, denying the exception of prescription, finding that Mr. Pullen was injured in the course and scope of his employment, and finding that Holloman Transportation was Mr. Pullen’s statutory employer. The workers’ compensation judge awarded Mr. Pullen past due medical benefits in the amount of $9,052.73; past due indemnity benefits in the amount of $266.67 per week from May 3, 1995, to September 15, 1995; $2,000.00 in penalties for failure to timely pay indemnity benefits; $2,000.00 in penalties for failure to timely pay medical expenses; and $5,000.00 in attorney fees. All costs were assessed against Holloman Transportation.
IsHolloman Transportation appealed the judgment, and Mr. Pullen filed an answer to the appeal. Holloman Transportation’s appeal was dismissed by this court for failure to timely file a brief, pursuant to Uniform Rules — Courts of Appeal Rule 2-8.6. Holloman Transportation filed writs with the Louisiana Supreme Court, which were denied. Brad Pullen v. Risky Business Transportation, 2003-0C-2011 (La.12/19/03), 861 So.2d 570. Thus, the only issues before this court are those contained in Mr. Pullen’s answer to the appeal.
In his answer to the appeal, Mr. Pullen prays that the judgment be modified to increase the amount of punitive damages awarded, that the judgment be affirmed in all other aspects, that he be awarded addi *690 tional attorney fees for the defense and opposition to the appellant’s appeal, and that appellant be condemned to pay all court costs.
After a thorough review of the record, we affirm the trial court judgment and decline to increase the punitive damages against Holloman Transportation, as we find the trial court’s punitive damage award is adequate.
In regard to additional attorney fees for the appeal work, we note that Mr. Pullen’s answer to the appeal consists of one and a half-pages. Thus, we find an award of an additional $500.00 to Mr. Pullen and against Hollomon Transportation for attorney fees is appropriate, and we amend the judgment accordingly.
Thus, in accordance with Uniform Rules — Courts of Appeal Rule 2-16.1.B, the judgment is affirmed as amended. Costs of this appeal are assessed against Holloman Transportation.
AFFIRMED, AS AMENDED.